CARY G. PALMER (SBN 186601)
ERIKA BARBARA PICKLES (SBN 215702)
JACKSON LEWIS P.C.
400 Capitol Mall, Suite 1600
Sacramento, CA 95814
Telephone: (916) 341-0404
Facsimile: (916) 341-0404
Email: *cary.palmer@jacksonlewis.com*
Email: *erika.pickles@jacksonlewis.com*

MICHAEL C. CHRISTMAN (SBN 319758)
MACY'S LAW DEPARTMENT
11477 Olde Cabin Road, Suite 400
St. Louis, Missouri 63141
Telephone: (314) 342-6334
Facsimile: (314) 342-6366
Email: *michael.christman@macys.com*

Attorney for Defendant
MACY'S WEST STORES, LLC
(f/k/a Macy's West Stores, Inc.)

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARLA VAZQUEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>MACY'S WEST STORES, INC., a corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. _____<br><br>CLASS ACTION<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF ACTION** |

1
2

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

3
4
5
6

PLEASE TAKE NOTICE that Defendant Macy's West Stores, LLC f/k/a Macy's West Stores, Inc. ("Defendant") hereby removes this case from the Superior Court of California for the County of Santa Clara to the United States District Court for the Northern District of California. In support of removal, Defendant states as follows:

7

## STATEMENT OF JURISDICTION

8
9
10
11
12
13
14
15

On March 18, 2020, Plaintiff Karla Vazquez ("Plaintiff") filed a putative Class Action Complaint ("Complaint") against Defendant in the Superior Court of California, County of Santa Clara, Case No. 20CV365246 (the "State Court Action"). A true and correct copy of Plaintiff's Complaint is attached as Exhibit A. On June 25, 2020, Defendant filed its Answer to Plaintiff's Complaint. A true and correct copy of Defendant's Answer is attached as Exhibit B. Copies of all the pleadings and papers Defendant is aware of having been filed in the State Court Action are collected and attached as Exhibits A and B.

16
17
18
19
20
21
22
23
24
25

This case is removable under 28 U.S.C. § 1453(b) because it meets the requirements of the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.) (hereinafter "CAFA"). There is no presumption against removal of cases removed under CAFA. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89, 135 S. Ct. 547, 190 L. Ed. 2d 495 (2014); *Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1183-84 (9th Cir. 2015). On the contrary, courts are required to interpret CAFA's provisions broadly in favor of removal. *Jordan*, 781 F.3d at 1184. A defendant's notice of removal under CAFA need only contain a short and plain statement of the grounds for removal. *Dart Cherokee Basin Operating Co.*, 574 U.S. at 83-87.

26
27
28

This case qualifies as a "class action" in which the putative class includes at least 100 members, the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and one or more members of the putative class and Defendant are citizens of

different states. *See* 28 U.S.C. §§ 1332(d). Consequently, this action is removable pursuant to 28 U.S.C. § 1453(b), which provides that a "class action" may be removed to federal court in accordance with 28 U.S.C. § 1446.

## A.    The Putative Class Includes At Least 100 Members

Plaintiff purports to bring this action "on behalf of herself individually and a putative class of California citizens who are and were employed by Defendants as non-exempt employees throughout California." Ex. A, Complaint, p. 1, ¶ 1. Putative class members are defined as "All California citizens currently or formerly employed by Defendants as non-exempt employees in the State of California" during the relevant period. *Id.* at p. 3, ¶ 20.

The putative class for Plaintiff's wage statement claim has at least 36,576 members, and the putative class for Plaintiff's waiting time penalties subclass has at least 56,820 members. Plaintiff's Complaint also estimates that the class is "greater than one hundred (100) individuals." Ex. A, Complaint, p. 5, ¶ 25(a). Accordingly, the number of members of the putative classes easily exceeds the 100-member requirement imposed by CAFA.

## B.    The Amount in Controversy Exceeds $5,000,000, Exclusive of Interest and Costs

"The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). "When the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Dart Cherokee Basin Operating Co.*, 574 U.S. at 83. The removing defendant may rely on reasonable assumptions in estimating the amount in controversy. *Arias v. Residence Inn*, 936 F.3d 920, 922 (9th Cir. 2019). An assumption may be reasonable if it is based on the allegations in the complaint. *Id.* at 925. However, the assumptions "need not be proven". *Id.* at 927. The defendant is not required to "prove it actually violated the law at the assumed rate." *Id.*

Plaintiff alleges class claims for failure to permit rest periods (Labor Code § 226.7), failure to provide accurate itemized wage statements (Labor Code § 226), failure to pay all wages due upon separation of employment (Labor Code § 201-203), and violation of the Unfair Competition Law (Bus. & Prof. Code § 17200 et seq.) ("UCL"). <u>Ex. A, Complaint, pp. 7-12, ¶¶ 35-65.</u> As shown below, the amount placed in controversy by virtue of Plaintiff's class-based claims exceeds $5,000,000, exclusive of interest and costs.

### 1. Rest Period Claim

Under California law, a non-exempt employee is entitled to one 10-minute rest period for a shift of 3.50 hours – 6 hours, two 10-minute rest periods for a shift of 6.01 hours – 10 hours, three 10-minute rest periods for a shift of 10.01 hours – 14 hours, and so on. *Brinker Rest. Corp. v. Superior Court*, 53 Cal. 4th 1004, 1029 (2012). An employee is entitled to one additional hour of pay at the employee's regular rate of compensation for each workday that a rest period is not provided. CAL. LABOR CODE § 226.7(c). The relevant period for calculating the amount in controversy for this claim is three years because the statute of limitations for a rest period claim is three years (CAL. CODE CIV. P. § 338(a)) and rest period premium pay is not recoverable under the UCL. *Harper v. Charter Commc'ns, LLC*, No. 19-00902, 2020 U.S. Dist. LEXIS 33054, *7-11 (E.D. Cal. Feb. 26, 2020); *Mejia v. Ill. Tool Works Inc.*, No. 18-09969, 2019 U.S. Dist. LEXIS 228668, *39-41 (C.D. Cal. Dec. 12, 2019); *Francisco v. Emeritus Corp.*, No. 17-02871, 2017 U.S. Dist. LEXIS 220843, *10-12 (C.D. Cal. July 14, 2017).

Plaintiff's Complaint broadly alleges that, during the relevant time period, Plaintiff and other putative class members "did not receive a ten (10) minute rest period for every four (4) hours or major fraction thereof worked because they were not authorized to take the full ten (10) minute rest period, were required to work through their daily rest periods and/or were not authorized to take their rest periods." <u>Ex. A, Complaint, pp. 7-8, ¶ 38.</u> Plaintiff's counsel has alleged the same or similar language in other cases, and the courts in those cases held that language supports the assumption of

one rest period violation per day per employee. *Adkins v. J.B. Hunt Transp., Inc.*, 293 F.Supp.3d 1140, 1145-46 (E.D. Cal. 2018); *Tamimi v. SGS N. Am., Inc.*, No. 19-00965, 2019 U.S. Dist. LEXIS 126012, *6-8 (C.D. Cal. July 29, 2019).

Plaintiff's Complaint further alleges that Defendant "systematically engaged in unlawful conduct…such as failing to authorize or permit paid rest breaks or compensation in lieu thereof" (Ex. A, Complaint, p. 11, ¶ 57), Defendant's alleged "violations of the Labor Code…were done in a systematic manner" (Ex. A, Complaint, p. 12, ¶ 63), and "At all relevant times, Defendant[] failed to pay Plaintiff and class member rest period premiums for missed, late, and/or interrupted rest periods" (Ex. A, Complaint, p. 8, ¶ 40). Courts have held similar allegations support the assumption of a high violation rate. *Feao v. UFP Riverside, LLC*, No. 17-3080, 2017 U.S. Dist. LEXIS 101356, *13-14 (C.D. Cal. June 29, 2017) (60% violation rate); *Franke v. Anderson Merchandisers LLC*, No. 17-3241, 2017 U.S. Dist. LEXIS 119087, *6-7 (C.D. Cal. July 28, 2017) (50% rate); *Ford v. CEC Entm't, Inc.*, No. 14-01420, 2014 U.S. Dist. LEXIS 94059, *12-13 (N.D. Cal. July 10, 2014) (38% violation rate); *Reyes v. Carehouse Healthcare Ctr., LLC*, No. 16-01159, 2017 U.S. Dist. LEXIS 103764, *6-8 (C.D. Cal. July 5, 2017) (approving assumption of one rest period violation per week); *Morgan v. Childtime Childcare, Inc.*, No. 17-01641, 2017 U.S. Dist. LEXIS 186537, *9-10 (C.D. Cal. Nov. 10, 2017) (same); *Rodriguez v. QG Printing Corp.*, No. 16-1792, 2016 U.S. Dist. LEXIS 144337, *3-4 (C.D. Cal. Oct. 18, 2016) (same).

"Courts in this district…permit defendants to assume a violation rate for meal and rest period claims when the complaint does not specify one." *Ford*, 2014 U.S. Dist. LEXIS 94059, *12-13. According to Defendant's records, from March 18, 2017 until March 18, 2020, Defendant's non-exempt employees in California (the putative class members) worked at least 11,085,050 shifts of 3.50 hours or more. Assuming for the ease of calculation that each employee's regular rate of compensation is the minimum hourly wage in California as of January 1, 2017 ($10.50 per hour), and conservatively assuming that a rest period was not provided on only 5% (or 1 out of every 20) of the

11,085,050 3.50+ hour shifts worked, the amount in controversy for Plaintiff's rest period claim would be at least **$5,819,651.25** (11,085,050 x $10.50 x 5%).

### 2. Wage Statement Claim

Labor Code § 226 requires employers to provide wage statements to employees containing certain items identified in the statute. Section 226 allows an employee who prevails on a wage statement claim to recover the greater of all actual damages or statutory penalties. CAL. LABOR CODE § 226(e). Regarding statutory penalties, employees suffering injury resulting from a knowing and intentional failure to comply with § 226(a) are entitled to $50 for the initial violation and $100 for each subsequent violation not to exceed $4,000. *Id.*

Plaintiff seeks to recover penalties under Labor Code 226(e). Ex. A, Complaint, pp. 8-10, ¶¶ 43-47. The statute of limitations on penalty claims under Labor Code § 226(e) is one year. CAL. CODE CIV. P. § 340(a); *Monteon v. M.A.C. Cosmetics, Inc.*, No. 18-3952, 2018 U.S. Dist. LEXIS 112862, *7 (C.D. Cal. July 5, 2018) ("The statute of limitations for penalties under section 226(e)(1) is one year."); *Zimmerman v. Comcast Corp.*, No. 15-8224, 2016 U.S. Dist. LEXIS 162806, *32-33 (C.D. Cal. Nov. 22, 2016).

Plaintiff alleges that Defendant "knowingly and intentionally failed to comply with Labor Code § 226(a) on wage statements that were provided to Plaintiff and Class Members." Ex. A, Complaint, p. 9, ¶ 44. Plaintiff further alleges that Defendant "systematically…fail[ed] to furnish accurate wage statements". *Id.* at p. 11, ¶ 57. "[C]ase law supports an assumption that all implicated wage statements are inaccurate where…Plaintiff makes broad allegations of systematic violations." *Baker v. Propak Logistics, Inc.*, No. 19-1241, 2019 U.S. Dist. LEXIS 149840, *12 (C.D. Cal. Sept. 3, 2019). However, despite Plaintiff's broad allegations of "systematic" wage statement violations, Defendant conservatively assumes for removal purposes that each putative class member suffered only one wage statement violation each.

Plaintiff and other non-exempt employees of Defendant in California receive wages and wage statements on a weekly basis. According to Defendant's records, there

are at least 36,576 putative class members who each received at least one wage statement during the one-year period before the filing of the Complaint. Thus, the amount in controversy for Plaintiff's wage statement claim is at least **$1,828,800** (36,576 wage statements x $50 for the first violation for each putative class member).

### 3. Waiting Time Penalties Claim

Labor Code § 203 provides that if an employer fails to pay the wages of an employee in accordance with Labor Code §§ 201-202, the employee's wages continue as a penalty from the due date at the same rate until paid or an action is commenced, up to a maximum of 30 days. CAL. LABOR CODE § 203(a). The "waiting time penalty" is "equivalent to the employee's daily wages for each day he or she remained unpaid up to a total of 30 days." *Mamika v. Barca*, 68 Cal. App. 4th 487, 493 (1998); *Drumm v. Morningstar, Inc.*, 695 F.Supp.2d 1014, 1018 (N.D. Cal. 2010). Waiting time penalty claims have a three-year statute of limitations. CAL. LABOR CODE § 203(b).

Plaintiff's Complaint defines the Waiting Time Subclass as "All Class Members who separated their employment with Defendants at any time within three years prior to the filing of this action to the date the class is certified". Ex. A, Complaint, pp. 3-4, ¶ 21. The Complaint alleges that Defendant "systematically engaged in unlawful conduct…such as…failing to pay all wages due and owing upon separation of employment and in a timely manner". *Id.* at p. 11, ¶ 57. *See Sanchez v. Capital Contractors Inc.*, No. 14-2622, 2014 U.S. Dist. LEXIS 133598, 8-9 (N.D. Cal. Sept. 22, 2014) (for waiting time penalties calculation, approving conservative estimate that each employee "was not paid for one day of work upon termination" based on plaintiff's allegation that defendant's alleged Labor Code violations occurred "systematically").

According to Defendant's records, there were 56,820 unique individual non-exempt employees who separated from their employment with Defendant during the three-year period before the Complaint was filed and thus would constitute putative class members in Plaintiff's proposed Waiting Time Subclass. The minimum hourly wage in California starting January 1, 2017 was $10.50 per hour. Conservatively

assuming each of the 56,820 putative members of the Waiting Time Subclass would receive at least 1 hour of pay at the $10.50 per hour minimum wage as a waiting time penalty, the amount in controversy for Plaintiff's waiting time penalty claim is at least **$596,610** (56,820 x $10.50).

As the foregoing shows, the amount in controversy for Plaintiff's putative class claims is at least **$8,245,061.25** ($5,819,651.25 + $1,828,800 + $596,610) and thus easily exceeds the $5,000,000 amount in controversy threshold for the purpose of CAFA jurisdiction.

## C. Defendant and One or More of the Putative Class Members Are Citizens of Different States

An individual person's citizenship is established by where that person is domiciled. 28 U.S.C. §1332(a)(1) (an individual is a citizen of the state in which he or she is domiciled); *Gilbert v. David*, 235 U.S. 561, 569, 35 S. Ct. 164, 59 L. Ed. 360 (1915). A person is domiciled in a location "where he or she has established a fixed habitation or abode in a particular place, and [intends] to remain there permanently or indefinitely." *Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1886). "The intention to remain may be established by factors such as: current residence; voting registration and practices; location of personal and real property; location of brokerage and bank accounts; location of spouse and family; membership in unions and other organizations; place of employment or business; driver's license and automobile registration; and payment of taxes." *Kyung Park v. Holder*, 572 F.3d 619, 625 (9th Cir. 2009) (citing *Lew*, 797 F.2d at 750).

Plaintiff is a citizen of the State of California. Plaintiff filed the Complaint seeking appointment as the class representative for "a putative class of California citizens" employed by Defendant as non-exempt employees in California. Ex. A, Complaint, p. 1, ¶ 1. The putative class is defined as "All California citizens currently or formerly employed by Defendant[] as non-exempt employees in the State of California". *Id.* at p. 3, ¶ 20. Thus, in seeking to be the representative member of this

class comprised of California citizens, it is axiomatic that Plaintiff is a citizen of California.

Additionally, Plaintiff alleges in her Complaint that she is a resident of California who worked for Defendant in California. Ex. A, Complaint, p. 2, ¶ 10. Residence is *prima facie* evidence of domicile for the purpose of determining citizenship. *Saldana v. Home Depot USA, Inc.*, No. 16-484, 2016 U.S. Dist. LEXIS 80064, *5 (E.D. Cal. June 20, 2016); *Arellano v. Wal-Mart Stores, Inc.*, No. 17-5134, 2017 U.S. Dist. LEXIS 150368, *9 (C.D. Cal. Sept. 14, 2017); *Anderson v. Watt*, 138 U.S. 694, 706, 11 S. Ct. 449, 34 L. Ed. 1078 (1891) ("The place where a person lives is taken to be his domicil until facts adduced establish the contrary, and a domicil when acquired is presumed to continue until it is shown to have been changed.").

From October 5, 2019 until December 11, 2019, Plaintiff was employed by Defendant at the Macy's store in Arcadia, California. Plaintiff's federal W-2 Wage and Tax Statement from 2019 and her wage statements list Plaintiff's residence as being in South El Monte, California. Plaintiff's job application also lists her residence as being in South El Monte, California. Plaintiff is a citizen of California because she has lived, worked, paid taxes, and remained in California on a permanent or indefinite basis.

Furthermore, as alleged in the putative class definition in the Complaint and based on information and belief, Defendant alleges that all purported class members are citizens of California.

For purposes of removing a case from state court to federal court, the citizenship of Doe defendants is disregarded, and only named defendants are considered. 28 U.S.C. § 1441(b); *Soliman v. Philip Morris, Inc.*, 311 F.3d 966, 971 (9th Cir. 2002); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998).

For diversity jurisdiction purposes, a corporation is deemed to be a citizen of the state in which it is incorporated as well as the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93, 130 S. Ct. 1181, 175 L. Ed. 2d 1029 (2010) (holding "'principal place of business' is best read as

referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's 'nerve center.'"); *Roy v. Scholastic Book Fairs, Inc.*, No. 20-2547, 2020 U.S. Dist. LEXIS 91613, *6 (C.D. Cal. May 26, 2020) (citing *Hertz*).

For diversity jurisdiction purposes, a limited liability company is deemed to be a citizen of every state of which its owners/members are citizens. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

At the time Plaintiff filed the State Court Action, Defendant was a citizen of the State of Ohio and the State of New York because Defendant was incorporated under the laws of the State of Ohio and Defendant's principal place of business was located in New York, New York. After Plaintiff filed the State Court Action but before the filing of this Notice of Removal, Defendant converted to a limited liability company. Following its conversion from a corporation to a limited liability company, Defendant is now a citizen of the State of Delaware and the State of New York because (i) Defendant's sole owner/member is Macy's Retail Holdings, LLC, (ii) the sole owner/member of Macy's Retail Holdings, LLC is Macy's, Inc., and (iii) Macy's, Inc. is a citizen of the State of Delaware and State of New York because at all relevant times Macy's, Inc. has been and is incorporated in Delaware, and has had and presently has its principal place of business in New York, New York. Regardless whether Defendant's citizenship as a corporation or limited liability company is considered for removal purposes, there is complete diversity of citizenship in accordance with 28 U.S.C. § 1332 because Defendant is not and was not a citizen of California and therefore Defendant is a citizen of a State different from at least one member of the putative class of plaintiffs. *See* 28 U.S.C. § 1332(d)(2).

## **REMOVAL IS TIMELY**

This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) in that it is being filed within 30 days of Defendant's receipt of the Summons and Complaint. The Summons and Complaint were served on Defendant on May 27, 2020.

## VENUE

Venue is proper in this district and division because Santa Clara County Superior Court is located within the federal Northern District of California and this is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## NOTICE TO PLAINTIFF AND TO THE
## SUPERIOR COURT OF CALIFORNIA, SANTA CLARA COUNTY

As required by 28 U.S.C. § 1446(d), Defendant will (i) provide prompt written notice of the filing of this Notice of Removal to Plaintiff's counsel of record and (ii) promptly file this Notice of Removal with the Clerk of the Superior Court of California, Santa Clara County.

WHEREFORE, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant removes this case from the Superior Court of California, County of Santa Clara, to the United States District Court for the Northern District of California.

Dated: June 26, 2020                          Respectfully submitted,

JACKSON LEWIS P.C.


By: /s/ *Erika Barbara Pickles*
Cary G. Palmer
Erika Barbara Pickles

Attorneys for Defendant
MACY'S WEST STORES, LLC

# EXHIBIT A



**Corporate Creations Network Inc.**
801 US Highway 1 North Palm Beach, FL 33408

Macy's West Stores, Inc.                                                          05/28/2020
Andrea Carolan Litigation Paralegal
Macy's, Inc.
11477 Olde Cabin Road, Suite 400
St. Louis MO 63141

# SERVICE OF PROCESS NOTICE

The following is a courtesy summary of the enclosed document(s). **ALL information should be verified by you.**

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be
directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard. IMPORTANT:
All changes or updates to the SOP contact individuals or their contact information must be submitted in writing to
SOPcontact@corpcreations.com. Any changes will become effective upon written confirmation of Corporate Creations.

Item: 2020-2025

| 1. | Entity Served: | Macy's West Stores, Inc. |
|---|---|---|
| 2. | Title of Action: | Karla Vazquez vs. Macy's West Stores, Inc. |
| 3. | Document(s) Served: | Summons<br>Class Action Complaint<br>Civil Case Cover Sheet<br>Instructions on How to Complete the Cover Sheet |
| 4. | Court/Agency: | Santa Clara County Superior Court |
| 5. | State Served: | California |
| 6. | Case Number: | 20CV365246 |
| 7. | Case Type: | Failure to Permit Rest Breaks |
| 8. | Method of Service: | Hand Delivered |
| 9. | Date Received: | Wednesday 05/27/2020 |
| 10. | Date to Client: | Thursday 05/28/2020 |
| 11. | # Days When Answer Due:<br>Answer Due Date: | 30<br>Friday 06/26/2020    CAUTION: Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | Sop Sender:<br>(Name, City, State, and Phone Number) | Aegis Law Firm, PC<br>Irvine, CA<br>949-379-6250 |
| 13. | Shipped To Client By: | Email Only with PDF Link and PDF Attachment |
| 14. | Tracking Number: | |
| 15. | Handled By: | 051 |
| 16. | Notes: | Also Attached:<br>*Civil Law Suit Notice, etc. |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal
counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information. At Corporate Creations, we take pride in developing systems
that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default
judgment. As registered agent, our role is to receive and forward service of process. To decrease risk for our clients, it is not our role to determine the merits of whether service
of process is valid and effective. It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate
Creations Network Inc.

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
MACY'S WEST STORES, INC., a corporation; and DOES 1 through 20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
KARLA VAZQUEZ, individually and on behalf of all others similarly situated,

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

E-FILED
3/18/2020 11:42 AM
Clerk of Court
Superior Court of CA,
County of Santa Clara
20CV365246
Reviewed By: R. Walker
Envelope: 4183559

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of the State of California, County of Santa Clara<br>191 N. First Street, San Jose, CA 95113 | CASE NUMBER *(Número del Caso):*<br>**20CV365246** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jessica L. Campbell, AEGIS LAW FIRM, P.C., 9811 Irvine Center Drive, Suite 100, Irvine, CA 92618, 949-379-6250

| DATE:<br>*(Fecha)* 3/18/2020 11:42 AM | Clerk of Court | Clerk, by<br>*(Secretario)* R. Walker | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☒ on behalf of *(specify):* Macy's West Stores, Inc. a Corporation

under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☐ other *(specify)*:
4. ☒ by personal delivery on *(date)*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |

E-FILED
3/18/2020 11:42 AM
Clerk of Court
Superior Court of CA,
County of Santa Clara
20CV365246
Reviewed By: R. Walker

**AEGIS LAW FIRM, PC**
KASHIF HAQUE, State Bar No. 218672
SAMUEL A. WONG, State Bar No. 217104
JESSICA L. CAMPBELL, State Bar No. 280626
9811 Irvine Center Drive, Suite 100
Irvine, California 92618
Telephone: (949) 379-6250
Facsimile: (949) 379-6251

Attorneys for Plaintiff Karla Vazquez,
individually and on behalf of all others similarly situated.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SANTA CLARA

KARLA VAZQUEZ, individually and on
behalf of all others similarly situated,

        Plaintiff,

vs.

MACY'S WEST STORES, INC., a
corporation; and DOES 1 through 20,
inclusive,

        Defendants.

Case No. **20CV365246**

**CLASS ACTION COMPLAINT FOR:**

1. Failure to Permit Rest Breaks or Pay Compensation in Lieu Thereof;

2. Failure to Provide Accurate Itemized Wage Statements;

3. Failure to Pay All Wages Due Upon Separation of Employment; and

4. Violation of Business and Professions Code §§ 17200, *et seq.*

**DEMAND FOR JURY TRIAL**

1    Plaintiff Karla Vazquez, individually, and on behalf of others similarly situated, alleges

2    as follows:

3    ## NATURE OF ACTION AND INTRODUCTORY STATEMENT

4    1.    Plaintiff Karla Vazquez ("Plaintiff") brings this putative class action against

5    defendants Macy's West Stores, Inc. ("Macy's"), and DOES 1 through 20, inclusive

6    (collectively, "Defendants"), on behalf of herself individually and a putative class of California

7    citizens who are and were employed by Defendants as non-exempt employees throughout

8    California.

9    2.    Defendants operate department stores throughout California.

10    3.    Through this action, Plaintiff alleges that Defendants have engaged in a

11    systematic pattern of wage and hour violations under the California Labor Code and Industrial

12    Welfare Commission ("IWC") Wage Orders, all of which contribute to Defendants' deliberate

13    unfair competition.

14    4.    Plaintiff is informed and believes, and thereon alleges, that Defendants have

15    increased their profits by violating state wage and hour laws by, among other things:

16    (a)    failing to authorize or permit lawful rest breaks or provide compensation

17    in lieu thereof;

18    (b)    failing to provide accurate itemized wage statements; and

19    (c)    failing to pay all wages due upon separation of employment.

20    5.    Plaintiff seeks monetary relief against Defendants on behalf of herself and all

21    others similarly situated in California to recover, among other things, unpaid wages and

22    benefits, interest, attorneys' fees, costs and expenses, and penalties pursuant to Labor Code §§

23    201-204, 210, 226, 226.7, and Code of California Civil Procedure § 1021.5.

24    ## JURISDICTION AND VENUE

25    6.    This is a class action pursuant to California Code of Civil Procedure § 382. The

26    monetary damages and restitution sought by Plaintiff exceeds the minimal jurisdictional limits

27    of the Superior Court and will be established according to proof at trial.

28

-1-

CLASS ACTION COMPLAINT

7.      This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, § 10, which grants the Superior Court original jurisdiction in all causes except those given by statutes to other courts.  The statutes under which this action is brought do not specify any other basis for jurisdiction.

8.      This Court has jurisdiction over all Defendants because, upon information and belief, they are citizens of California, have sufficient minimum contacts in California, or otherwise intentionally avail themselves of the California market so as to render the exercise of jurisdiction over them by the California courts consistent with traditional notions of fair play and substantial justice.

9.      Venue is proper in this Court because, upon information and belief, Defendants reside, transact business, or have offices in this county, and the acts and omissions alleged herein took place in this county.

## **THE PARTIES**

10.      Plaintiff is a resident of California and worked for Defendants in California during the relevant time periods as alleged herein.

11.      Plaintiff is informed and believes, and thereon alleges that at all times hereinafter mentioned, Defendants were and are subject to the Labor Code and IWC Wage Orders as employers, whose employees were and are engaged throughout this county and the State of California.

12.      Plaintiff is unaware of the true names or capacities of the defendants sued herein under the fictitious names DOES 1 through 20, but will seek leave of this Court to amend this Complaint and serve such fictitiously named defendants once their names and capacities become known.

13.      Plaintiff is informed and believes, and thereon alleges, that DOES 1 through 20 are or were the partners, agents, owners, shareholders, managers, or employees of Defendants at all relevant times.

14.      Plaintiff is informed and believes, and thereon alleges, that each defendant acted in all respects pertinent to this action as the agent of the other defendant, carried out a joint

-2-

1  scheme, business plan, or policy in all respects pertinent hereto, and the acts of each defendant

2  are legally attributable to the other defendant. Furthermore, defendants in all respects acted as

3  the employer and/or joint employer of Plaintiff and the class members.

4      15.    Plaintiff is informed and believes, and thereon alleges, that each and all of the

5  acts and omissions alleged herein were performed by, or are attributable to, Defendants and/or

6  DOES 1 through 20, acting as the agent or alter ego for the other, with legal authority to act on

7  the other's behalf. The acts of any and all Defendants were in accordance with, and represent,

8  the official policy of Defendants.

9      16.    At all relevant times, Defendants, and each of them, acted within the scope of

10  such agency or employment, or ratified each and every act or omission complained of herein.

11  At all relevant times, Defendants, and each of them, aided and abetted the acts and omissions of

12  each and all the other Defendants in proximately causing the damages herein alleged.

13      17.    Plaintiff is informed and believes, and thereon alleges, that each of said

14  Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts,

15  omissions, occurrences, and transactions alleged herein.

16                          **CLASS ACTION ALLEGATIONS**

17      18.    Plaintiff brings this action under Code of Civil Procedure § 382 on behalf of

18  herself and all others similarly situated who were affected by Defendants' Labor Code,

19  Business and Professions Code §§ 17200, and IWC Wage Order violations.

20      19.    All claims alleged herein arise under California law for which Plaintiff seeks

21  relief authorized by California law.

22      20.    Plaintiff's proposed class consists of and is defined as follows:

23          Class

24          All California citizens currently or formerly employed by Defendants as non-

25          exempt employees in the State of California within four years prior to the filing of

26          this action to the date the class is certified ("Class").

27      21.    Plaintiff also seeks to certify the following subclass of employees:

28

-3-

1          <u>Waiting Time Subclass</u>

2          All Class Members who separated their employment with Defendants at any time

3          within three years prior to the filing of this action to the date the class is certified

4          ("Subclass" or "Waiting Time Subclass").

5        22.     Plaintiff reserves the right to establish other or additional subclasses, or modify

6 or re-define the Class, or any class or subclass definition as appropriate based on investigation,

7 discovery, and specific theories of liability.

8        23.     Members of the Class and the Subclass described above will be collectively

9 referred to as "Class Members."

10        24.     There are common questions of law and fact as to the Class Members that

11 predominate over any questions affecting only individual members including, but not limited to,

12 the following:

13                (a)     Whether Defendants deprived Plaintiff and class members of rest breaks

14                      or required Plaintiff and class members to work through rest breaks

15                      without compensation;

16                (b)     Whether Defendants failed to timely pay Plaintiff and class members all

17                      earned wages during their employment;

18                (c)     Whether Defendants failed to timely pay Plaintiff and Waiting Time

19                      Subclass members all wages due upon termination or within 72 hours of

20                      resignation;

21                (d)     Whether Defendants failed to furnish Plaintiff and class members with

22                      accurate wage statements;

23                (e)     Whether Defendants engaged in unfair business practices in violation of

24                      Business & Professions Code §§ 17200, *et seq.*

25        25.     There is a well-defined community of interest in this litigation and the proposed

26 Class and Subclass are readily ascertainable:

27                (a)     <u>Numerosity</u>: The Class Members are so numerous that joinder of all

28 members is impractical. Although the members of the entire Class are unknown to Plaintiff at

-4-

1    this time, on information and belief, the class is estimated to be greater than one hundred (100)

2    individuals. The identities of the Class Members are readily ascertainable by inspection of

3    Defendants' employment and payroll records.

4              (b)    Typicality: The claims (or defenses, if any) of Plaintiff are typical of the

5    claims (or defenses, if any) of the Class Members because Defendants' failure to comply with

6    the provisions of California's wage and hour laws entitled each Class Member to similar pay,

7    benefits, and other relief. The injuries sustained by Plaintiff are also typical of the injuries

8    sustained by the Class Members, because they arise out of and are caused by Defendants'

9    common course of conduct as alleged herein.

10             (c)    Adequacy: Plaintiff will fairly and adequately represent and protect the

11   interests of all Class Members because it is in her best interest to prosecute the claims alleged

12   herein to obtain full compensation and penalties due to her and the Class Members. Plaintiff's

13   attorneys, as proposed class counsel, are competent and experienced in litigating large

14   employment class actions and versed in the rules governing class action discovery,

15   certification, and settlement. Plaintiff has incurred and, throughout the duration of this action,

16   will continue to incur attorneys' fees and costs that have been and will be necessarily expended

17   for the prosecution of this action for the substantial benefit of the Class Members.

18             (d)    Superiority: The nature of this action makes use of class action

19   adjudication superior to other methods. A class action will achieve economies of time, effort,

20   and expense as compared with separate lawsuits and will avoid inconsistent outcomes because

21   the same issues can be adjudicated in the same manner for the entire Class and Subclass at the

22   same time. If appropriate, this Court can, and is empowered to, fashion methods to efficiently

23   manage this case as a class action.

24             (e)    Public Policy Considerations: Employers in the State of California

25   violate employment and labor laws every day. Current employees are often afraid to assert their

26   rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing

27   actions because they believe their former employers might damage their future endeavors

28   through negative references and/or other means. Class actions provide class members who are

-5-

1 | not named in the complaint with a type of anonymity that allows for the vindication of their

2 | rights while affording them privacy protections.

3 | **GENERAL ALLEGATIONS**

4 | 26.     At all relevant times mentioned herein, Defendants employed Plaintiff and other

5 | California residents as non-exempt employees at Defendants' California business location(s).

6 | 27.     Defendants continue to employ non-exempt employees within California.

7 | 28.     Plaintiff is informed and believes, and thereon alleges, that at all times herein

8 | mentioned, Defendants were advised by skilled lawyers, employees, and other professionals

9 | who were knowledgeable about California's wage and hour laws, employment and personnel

10 | practices, and the requirements of California law.

11 | 29.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

12 | should have known that Plaintiff and class members were entitled to receive all rest breaks or

13 | payment of one (1) additional hour of pay at Plaintiff and class members' regular rate of pay

14 | when a rest break was missed.  In violation of the Labor Code and IWC Wage Orders, Plaintiff

15 | and class members did not receive all rest breaks or payment of one (1) additional hour of pay

16 | at Plaintiff and class members' regular rate of pay when a rest break was missed.

17 | 30.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

18 | should have known that Plaintiff and class members were entitled to timely payment of wages

19 | during their employment. In violation of the California Labor Code, Plaintiff and class

20 | members did not receive payment of all wages within permissible time periods.

21 | 31.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

22 | should have known that Plaintiff and Waiting Time Subclass members were entitled to timely

23 | payment of wages upon separation of employment. In violation of the California Labor Code,

24 | Plaintiff and Waiting Time Subclass members did not receive payment of all wages including,

25 | but not limited to, unpaid minimum wages, overtime wages, meal period premiums, and rest

26 | break premiums within permissible time periods.

27 | 32.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

28 | should have known that Plaintiff and class members were entitled to receive complete and

-6-

1  accurate wage statements in accordance with California law. In violation of the California

2  Labor Code, Plaintiff and class members were not furnished with complete and accurate wage

3  statements showing the total hours worked, number of hours worked at each hourly rate and

4  gross and net wages, among other things.

5      33.   Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

6  should have known they had a duty to compensate Plaintiff and class members, and Defendants

7  had the financial ability to pay such compensation but willfully, knowingly, and intentionally

8  failed to do so in order to increase Defendants' profits.

9      34.   Therefore, Plaintiff brings this lawsuit seeking monetary and injunctive relief

10  against Defendants on behalf of herself and all class members to recover, among other things,

11  unpaid wages (including minimum wages and overtime wages), unpaid meal period premium

12· payments, unpaid rest period premium payments, interest, attorneys' fees, penalties, costs, and

13  expenses.

### FIRST CAUSE OF ACTION

### <u>FAILURE TO PERMIT REST BREAKS</u>

(Violation of Labor Code §§ 226.7; Violation of IWC Wage Order § 12)

17      35.   Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as

18  though fully set forth herein.

19      36.   Labor Code § 226.7(a) provides that no employer shall require an employee to

20  work during any rest period mandated by the IWC Wage Orders.

21      37.   Section 12 of the applicable IWC Wage Order states "[e]very employer shall

22  authorize and permit all employees to take rest periods, which insofar as practicable shall be in

23  the middle of each work period[,]" and the "[a]uthorized rest period time shall be based on the

24  total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major

25  fraction thereof[,]" unless the total daily work time is less than three and one-half (3½) hours.

26      38.   During the relevant time period, Plaintiff and class members did not receive a ten

27  (10) minute rest period for every four (4) hours or major fraction thereof worked because they

28

CLASS ACTION COMPLAINT

were not authorized to take the full ten (10) minute rest period, were required to work through their daily rest periods and/or were not authorized to take their rest periods.

39.    Labor Code § 226.7(b) and section 12 of the applicable IWC Wage Order requires an employer to pay an employee one (1) additional hour of pay at the employee's regular rate of compensation for each work day that a compliant rest period is not provided.

40.    At all relevant times, Defendants failed to pay Plaintiff and class members rest period premiums for missed, late, and/or interrupted rest periods pursuant to Labor Code § 226.7(b) and section 12 of the applicable IWC Wage Order.

41.    As a result of Defendants' failure to pay Plaintiff and class members an additional hour of pay for each day a compliant rest period was not provided, Plaintiff and class members suffered and continue to suffer a loss of wages and compensation.

## SECOND CAUSE OF ACTION

## FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS

(Violation of Labor Code § 226)

42.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

43.    Labor Code § 226(a) requires Defendants to provide each employee with an accurate wage statement in writing showing nine pieces of information, including, the following: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

44.    During the relevant time period, Defendants have knowingly and intentionally failed to comply with Labor Code § 226(a) on wage statements that were provided to Plaintiff and Class Members. The deficiencies include, among other things, the failure to correctly state the gross and net wages earned, total hours worked, all applicable hourly rates in effect, the number of hours worked at each hourly rate by Plaintiff and class members.

45.    As a result of Defendants' violation of California Labor Code § 226(a), Plaintiff and class members have suffered injury and damage to their statutorily protected rights. Specifically, Plaintiff and class members have been injured by Defendants' intentional violation of California Labor Code § 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate itemized wage statements under California Labor Code § 226(a). In addition, because Defendants failed to provide the accurate rates of pay on wage statements, Defendants have prevent Plaintiff and class members from determining if all hours worked were paid at the appropriate rate and the extent of the underpayment. Plaintiff has had to file this lawsuit in order to analyze whether in fact Plaintiff was paid correctly and the extent of the underpayment, thereby causing Plaintiff to incur expenses and lost time. Plaintiff would not have had to engage in these efforts and incur these costs had Defendants provided the accurate rate of pay. This has also delayed Plaintiff's ability to demand and recover the underpayment of wages from Defendants.

46.    California Labor Code § 226(a) requires an employer to pay the greater of all actual damages or fifty dollars ($50.00) for the initial pay period in which a violation occurred, and one hundred dollars ($100.00) per employee for each violation in subsequent pay periods, plus attorney's fees and costs, to each employee who was injured by the employer's failure to comply with California Labor Code § 226(a).

47.    Defendants' violations of California Labor Code § 226(a) prevented Plaintiff and class members from knowing, understanding and disputing the wages paid to them, and resulted in an unjustified economic enrichment to Defendants. As a result of Defendants' knowing and intentional failure to comply with California Labor Code § 226(a), Plaintiff and

-9-

1  class members have suffered an injury, the exact amount of damages and/or penalties is all in

2  an amount to be shown according to proof at trial.

3      48.    Plaintiff and class members are also entitled to injunctive relief under California

4  Labor Code § 226(g), compelling Defendants to comply with California Labor Code § 226, and

5  seek the recovery of attorneys' fees and costs incurred in obtaining this injunctive relief.

6                          **THIRD CAUSE OF ACTION**

7      **FAILURE TO PAY ALL WAGES DUE UPON SEPARATION OF EMPLOYMENT**

8                      (Violation of Labor Code §§ 201, 202, and 203)

9      49.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as

10  though fully set forth herein.

11     50.    Labor Code §§ 201 and 202 provide that if an employer discharges an employee,

12  the wages earned and unpaid at the time of discharge are due and payable immediately, and that

13  if an employee voluntarily leaves his employment, his or her wages shall become due and

14  payable not later than seventy-two (72) hours thereafter, unless the employee has given

15  seventy-two (72) hours previous notice of an intention to quit, in which case the employee is

16  entitled to his or her wages at the time of quitting.

17     51.    During the relevant time period, Defendants willfully failed to pay the Waiting

18  Time Subclass all their earned wages upon termination, including, but not limited to, proper

19  minimum wage and overtime compensation, meal period premiums, and rest period premiums

20  either at the time of discharge or within seventy-two (72) hours of their leaving Defendants'

21  employ.

22     52.    Defendants' failure to pay the Waiting Time Subclass all their earned wages at

23  the time of discharge or within seventy-two (72) hours of their leaving Defendants' employ is

24  in violation of Labor Code §§ 201 and 202.

25     53.    Labor Code § 203 provides that if an employer willfully fails to pay wages owed

26  immediately upon discharge or resignation in accordance with Labor Code §§ 201 and 202,

27  then the wages of the employee shall continue as a penalty from the due date at the same rate

28

-10-

1    until paid or until an action is commenced; but the wages shall not continue for more than thirty

2    (30) days.

3        54.    Pursuant to Labor Code § 203, the Waiting Time Subclass is entitled to recover

4    from Defendants the statutory penalty, which is defined as the Waiting Time Subclass

5    members' regular daily wages at their regular hourly rate of pay for each day they were not

6    paid, up to a maximum of thirty (30) days.

7                              **FOURTH CAUSE OF ACTION**

8        **VIOLATION OF BUSINESS AND PROFESSIONS CODE §§ 17200, _ET SEQ._**

9                    (Violation of Business and Professions Code §§ 17200, _et seq._)

10       55.    Plaintiff hereby re-alleges and incorporates by reference the previous

11   paragraphs, as though fully set forth herein.

12       56.    California Business and Professions Code §§ 17200, _et seq._, prohibits acts of

13   unfair competition, which includes any "unlawful, unfair or fraudulent business act or practice .

14   . . ."

15       57.    A violation of California Business and Professions Code §§ 17200, et seq. may

16   be predicated on the violation of any state or federal law. In the instant case, Defendants'

17   policies and practices have violated state law causing Plaintiff and class members to suffer and

18   continue to suffer injuries in fact. As alleged herein, Defendants systematically engaged in

19   unlawful conduct in violation of the California Labor Code and IWC Wage Orders, such as

20   failing to authorize or permit paid rest breaks or compensation in lieu thereof, failing to pay all

21   wages due and owing upon separation of employment and in a timely manner, and failing to

22   furnish accurate wage statements, all in order to decrease their costs of doing business and

23   increase their profits.

24       58.    At all times relevant herein, Defendants intentionally avoided paying Plaintiff

25   and class members wages and monies, thereby creating for Defendants an artificially lower cost

26   of doing business in order to undercut their competitors and establish and/or gain a greater

27   foothold in the marketplace.

28

-11-

59.     At the time Plaintiff and class members were hired, Defendants knowingly, intentionally and wrongfully misrepresented to each of them their conformance with the California Labor Code and IWC Wage Orders including proper payments required by law.

60.     At all relevant times herein, Defendants held themselves out to Plaintiff and class members as being knowledgeable concerning the labor laws of California.

61.     At all times relevant herein, Plaintiff and class members relied on and believed Defendants' representations concerning their conformance with California's wage and hour laws all to their detriment.

62.     As a result of Defendants' intentional, willful, purposeful and wrongful misrepresentation of their conformance with the California Labor Code and IWC Wage Orders, Plaintiff and class members suffered a loss of wages and monies, all in an amount to be shown according to proof at trial. By violating the foregoing statutes and regulations as herein alleged, Defendants' acts constitute unfair and unlawful business practices under California Business and Professions Code §§ 17200, et seq.

63.     Defendants' violations of the California Labor Code and IWC Wage Orders and their scheme to lower their payroll costs as alleged herein, constitute unlawful business practices because they were done in a systematic manner over a period of time to the detriment of Plaintiff and class members.

64.     As a result of the unfair business practices of Defendants, as alleged herein, Plaintiff and class members are entitled to injunctive relief, disgorgement and restitution in an amount to be shown according to proof at trial.

65.     Plaintiff seeks to enforce important rights affecting the public interest within the meaning of California Code of Civil Procedure § 1021.5. Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful and harmful to Plaintiff, class members and to the general public. Based on Defendants' conduct as alleged herein, Plaintiff and class members are entitled to an award of attorneys' fees pursuant to California Code of Civil Procedure § 1021.5.

## **PRAYER FOR RELIEF**

Plaintiff, on her own behalf and on behalf of all others similarly situated, prays for relief and judgment against Defendants, jointly and severally, as follows:

1.      For certification under California Code of Civil Procedure § 382 of the proposed Class, Waiting Time Subclass, and any other appropriate subclasses;

2.      For appointment of Karla Vazquez as the class representative;

3.      For appointment of Aegis Law Firm, PC, as class counsel for all purposes;

4.      For compensatory damages in an amount according to proof at trial;

5.      For an award of damages in the amount of unpaid compensation including, but not limited to, unpaid wages, benefits, and penalties;

6.      For economic and/or special damages in an amount according to proof at trial;

7.      For statutory penalties to the extent permitted by law, including those pursuant to the Labor Code and IWC Wage Orders;

8.      For injunctive relief as provided by the California Labor Code and California Business and Professions Code §§ 17200, *et seq.*;

9.      For restitution as provided by Business and Professions Code §§ 17200, *et seq.*;

10.     For an order requiring Defendants to restore and disgorge all funds to each employee acquired by means of any act or practice declared by this Court to be unlawful, unfair, or fraudulent and, therefore, constituting unfair competition under Business and Professions Code §§ 17200, *et seq.*;

11.     For pre-judgment interest;

12.     For reasonable attorneys' fees, costs of suit, and interest to the extent permitted by law, including, but not limited to, Code of Civil Procedure § 1021.5 and Labor Code § 226(e); and

/ / /

/ / /

/ / /

/ / /

-13-

13.    For such other relief as the Court deems just and proper.

Dated: March 18, 2020                    **AEGIS LAW FIRM, PC**

By: _____
                        Jessica L. Campbell
                        Attorneys for Plaintiff

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial with respect to all issues triable of right by jury.

Dated: March 18, 2020                    **AEGIS LAW FIRM, PC**

By: _____
                        Jessica L. Campbell
                        Attorneys for Plaintiff

CLASS ACTION COMPLAINT

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Jessica L. Campbell, Esq. SBN 280626<br>AEGIS LAW FIRM, P.C.<br>9811 Irvine Center Drive, Suite 100<br>Irvine, CA 92618<br>TELEPHONE NO.: 949.379.6250    FAX NO.: 949.379.6251<br>ATTORNEY FOR *(Name):* Plaintiff Karla Vazquez | Electronically Filed<br>by Superior Court of CA,<br>County of Santa Clara,<br>on 3/18/2020 11:42 AM<br>Reviewed By: R. Walker<br>Case #20CV365246<br>Envelope: 4183559 |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Santa Clara**
STREET ADDRESS: 191 N. First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME: Downtown Superior Court

CASE NAME:
Karla Vazquez v, Macy's West Stores, Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] **Unlimited**<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] **Limited**<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] **Counter**    [ ] **Joinder**<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | **20CV365246** |
| | | | JUDGE: |
| | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [✓] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [✓] is    [ ] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the
   factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [✓] Large number of witnesses
   b. [✓] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve    in other counties, states, or countries, or in a federal court
   c. [✓] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary    b. [ ] nonmonetary; declaratory or injunctive relief    c. [ ] punitive
4. Number of causes of action *(specify):* Four
5. This case [✓] is    [ ] is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 17, 2020

Jessica L. Campbell
_____    ▶ _____
(TYPE OR PRINT NAME)    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed
  under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result
  in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all
  other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.
  Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

CM-010

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
     Damage/Wrongful Death
  Uninsured Motorist (46) *(if the*
     *case involves an uninsured*
     *motorist claim subject to*
     *arbitration, check this item*
     *instead of Auto)*

**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death)**
**Tort**
  Asbestos (04)
     Asbestos Property Damage
     Asbestos Personal Injury/
        Wrongful Death
  Product Liability *(not asbestos or*
     *toxic/environmental)* (24)
  Medical Malpractice (45)
     Medical Malpractice–
        Physicians & Surgeons
     Other Professional Health Care
        Malpractice
  Other PI/PD/WD (23)
     Premises Liability (e.g., slip
        and fall)
     Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
     Intentional Infliction of
        Emotional Distress
     Negligent Infliction of
        Emotional Distress
     Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
     Practice (07)
  Civil Rights (e.g., discrimination,
     false arrest) *(not civil*
     *harassment)* (08)
  Defamation (e.g., slander, libel)
     (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
     Legal Malpractice
     Other Professional Malpractice
        *(not medical or legal)*
  Other Non-PI/PD/WD (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
     Breach of Rental/Lease
        Contract *(not unlawful detainer*
        *or wrongful eviction)*
     Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
     Negligent Breach of Contract/
        Warranty
     Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
     book accounts) (09)
     Collection Case–Seller Plaintiff
     Other Promissory Note/Collections
        Case
  Insurance Coverage *(not provisionally*
     *complex)* (18)
     Auto Subrogation
     Other Coverage
  Other Contract (37)
     Contractual Fraud
     Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse
     Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
     Writ of Possession of Real Property
     Mortgage Foreclosure
     Quiet Title
     Other Real Property *(not eminent*
        *domain, landlord/tenant, or*
        *foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal*
     *drugs, check this item; otherwise,*
     *report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
     Writ–Administrative Mandamus
     Writ–Mandamus on Limited Court
        Case Matter
     Writ–Other Limited Court Case
        Review
  Other Judicial Review (39)
     Review of Health Officer Order
     Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
     *(arising from provisionally complex*
     *case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
     Abstract of Judgment (Out of
        County)
     Confession of Judgment *(non-*
        *domestic relations)*
     Sister State Judgment
     Administrative Agency Award
        *(not unpaid taxes)*
     Petition/Certification of Entry of
        Judgment on Unpaid Taxes
     Other Enforcement of Judgment
        Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified*
     *above)* (42)
     Declaratory Relief Only
     Injunctive Relief Only *(non-*
        *harassment)*
     Mechanics Lien
     Other Commercial Complaint
        Case *(non-tort/non-complex)*
     Other Civil Complaint
        *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate
     Governance (21)
  Other Petition *(not specified*
     *above)* (43)
     Civil Harassment
     Workplace Violence
     Elder/Dependent Adult
        Abuse
     Election Contest
     Petition for Name Change
     Petition for Relief From Late
        Claim
     Other Civil Petition

# CIVIL LAWSUIT NOTICE

**ATTACHMENT CV-5012**

**20CV365246**

**Superior Court of California, County of Santa Clara**
**191 North First St., San José, CA 95113**

CASE NUMBER: _____

## PLEASE READ THIS ENTIRE FORM

*PLAINTIFF* (the person suing): Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint, Summons,* an *Alternative Dispute Resolution (ADR) Information Sheet,* and a copy of this *Civil Lawsuit Notice,* and you must file written proof of such service.

---

*DEFENDANT* (The person sued): **You must do each of the following to protect your rights:**

1. You must file a **written response** to the *Complaint, using the proper legal form or format,* in the Clerk's Office of the Court, within **30 days** of the date you were served with the *Summons* and *Complaint;*
2. You must serve by mail a copy of your written response on the Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3. You must attend the first Case Management Conference.

   **Warning: If you, as the Defendant, do not follow these instructions, you may automatically lose this case.**

---

*RULES AND FORMS:* You must follow the California Rules of Court and the Superior Court of California, County of <_CountyName_> Local Civil Rules and use proper forms. You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 201 North First Street, San José (408-882-2900 x-2926).

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: http://www.sccsuperiorcourt.org/civil/rule1toc.htm

*CASE MANAGEMENT CONFERENCE (CMC):* You must meet with the other parties and discuss the case, in person or by telephone at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

   *You or your attorney must appear at the CMC. You may ask to appear by telephone – see Local Civil Rule 8.*

---

Your Case Management Judge is: **Hon. Patricia M. Lucas**    Department: **3**

The 1st CMC is scheduled for: (Completed by Clerk of Court)
   Date: **07/24/2020** Time: **10:00 am** in Department: **3**

The next CMC is scheduled for: (Completed by party if the 1st CMC was continued or has passed)
   Date: _____ Time: _____ in Department: _____

---

*ALTERNATIVE DISPUTE RESOLUTION (ADR):* If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

*WARNING:* Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA**
**191 N. FIRST STREET**
**SAN JOSE, CA 95113-1090**

**Electronically Filed**
**by Superior Court of CA,**
**County of Santa Clara,**
**on 5/11/2020 8:02 AM**
**Reviewed By: R. Walker**
**Case #20CV365246**
**Envelope: 4324855**

TO:    FILE COPY

RE:            **Vazquez v. Macy's West Stores, Inc.**
CASE NUMBER:    **20CV365246**

## ORDER DEEMING CASE COMPLEX AND STAYING DISCOVERY
## AND RESPONSIVE PLEADING DEADLINE

WHEREAS, the Complaint was filed by Plaintiff **KARLA VAZQUEZ** ("Plaintiff") in the Superior Court of California, County of Santa Clara, on **March 18, 2020** and the matter was assigned to Department **3** (Complex Civil Litigation), the **Honorable Patricia M. Lucas** presiding, pending a ruling on the complexity issue;

IT IS HEREBY ORDERED that:

The Court determines that the above-referenced case is **COMPLEX** within the meaning of California Rules of Court 3.400. The matter remains assigned, for all purposes, including discovery and trial, to Department **3** (Complex Civil Litigation), the **Honorable Patricia M. Lucas** presiding.

The parties are directed to the Court's local rules and guidelines regarding electronic filing and to the Complex Civil Guidelines, which are available on the Court's website.

Pursuant to California Rules of Court, Rule 3.254, the creation and maintenance of the Master Service List shall be under the auspices of (1) Plaintiff **KARLA VAZQUEZ**, as the first-named party in the Complaint, and (2) the first-named party in each Cross-Complaint, if any.

Pursuant to Government Code section 70616(c), each party's complex case fee is due within ten (10) calendar days of this date.

Plaintiff shall serve a copy of this Order on all parties forthwith and file a proof of service within seven (7) days of service.

Any party objecting to the complex designation must file an objection and proof of service within ten (10) days of service of this Order. Any response to the objection must be filed within seven (7) days of service of the objection. The Court will make its ruling on the submitted pleadings.

The Case Management Conference remains set for **July 24, 2020 at 10:00 a.m. in Department 3** and all counsel are ordered to attend in person.

Counsel for all parties are ordered to meet and confer in person at least 15 days prior to the First Case Management Conference and discuss the following issues:
1. Issues related to recusal or disqualification;
2. Issues of law that, if considered by the Court, may simplify or further resolution of the case, including issues regarding choice of law;

3. Appropriate alternative dispute resolution (ADR), for example, mediation, mandatory settlement conference, arbitration, mini-trial;
4. A plan for preservation of evidence and a uniform system for identification of documents throughout the course of this litigation;
5. A plan for document disclosure/production and additional discovery; which will generally be conducted under court supervision and by court order;
6. Whether it is advisable to address discovery in phases so that information needed to conduct meaningful ADR is obtained early in the case (counsel should consider whether they will stipulated to limited merits discovery in advance of certification proceedings), allowing the option to complete discovery if ADR efforts are unsuccessful;
7. Any issues involving the protection of evidence and confidentiality;
8. The handling of any potential publicity issues;

Counsel for Plaintiff is to take the lead in preparing a Joint Case Management Conference Statement to be filed 5 calendar days prior to the First Case Management Conference, and include the following:
1. A Statement as to whether additional parties are likely to be added and a proposed date by which all parties must be served;
2. Service lists identifying all primary and secondary counsel, firm names, addresses, telephone numbers, email addresses and fax numbers for all counsel;
3. A description of all discovery completed to date and any outstanding discovery as of the date of the conference;
4. Applicability and enforceability of arbitration clauses, if any;
5. A list of all related litigation pending in other courts, including Federal Court, and a brief description of any such litigation, and a statement as to whether any additional related litigation is anticipated (CRC 3.300);
6. A description of factual and legal issues – the parties should address any specific contract provisions the interpretation of which may assist in resolution of significant issues in the case;
7. The parties' tentative views on an ADR mechanism and how such mechanism might be integrated into the course of the litigation;
8. Whether discovery should be conducted in phases or limited; and if so, the order of phasing or types of limitations of discovery. If this is a class action lawsuit, the parties should address the issue of limited merits discovery in advance of class certification motions.

To the extent the parties are unable to agree on the matters to be addressed in the Joint Case Management Conference Statement, the positions of each party or of various parties should be set forth separately and attached to this report as addenda. The parties are encouraged to propose, either jointly or separately, any approaches to case management they believe will promote the fair and efficient handling of this case. The Court is particularly interested in identifying potentially dispositive or significant threshold issues the early resolution of which may assist in moving the case toward effective ADR and/or a final disposition.

**STAY ON DISCOVERY AND RESPONSIVE PLEADING DEADLINE** Pending further order of this Court, the service of discovery and the obligation to respond to any outstanding discovery is stayed. However, Defendant(s) shall file a Notice of Appearance for purposes of identification of counsel and preparation of a service list. The filing of such a Notice of Appearance shall be without prejudice to the later filing of a motion to quash to contest jurisdiction. Parties shall not file or serve responsive pleadings, including answers to the complaint, motions to strike, demurrers, motions for

change of venue and cross-complaints until a date is set at the First Case Management Conference for such filings and hearings.

This Order is issued to assist the Court and the parties in the management of this "Complex" case through the development of an orderly schedule for briefing and hearings. This Order shall not preclude the parties from continuing to informally exchange documents that may assist in their initial evaluation of the issues presented in this Case.

Plaintiff shall serve a copy of this Order on all the parties in this matter forthwith.

SO ORDERED.

Date:    May 8, 2020                                    _Patricia M. Lucas_
                                                        Hon. **Patricia M. Lucas**
                                                        Judge of the Superior Court

_____

If you, a party represented by you, or a witness to be called on behalf of that party need an accommodation under the American with Disabilities Act, please contact the Court Administrator's office at (408) 882-2700, or use the Court's TDD line, (408) 882-2690 or the Voice/TDD California Relay Service, (800) 735-2922.

# SANTA CLARA COUNTY SUPERIOR COURT
## ALTERNATIVE DISPUTE RESOLUTION
### INFORMATION SHEET

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

### What is ADR?
ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

### What are the advantages of choosing ADR instead of litigation?
ADR can have a number of advantages over litigation:

- **ADR can save time.** A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

- **ADR can save money.** Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

- **ADR provides more participation.** Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

- **ADR provides more control and flexibility.** Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

- **ADR can reduce stress.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

### What are the main forms of ADR offered by the Court?
**Mediation** is an informal, confidential, flexible and non-binding process in the mediator helps the parties to understand the interests of everyone involved, and their practical and legal choices. The mediator helps the parties to communicate better, explore legal and practical settlement options, and reach an acceptable solution of the problem. The mediator does not decide the solution to the dispute; the parties do.

Mediation may be appropriate when:
- The parties want a non-adversary procedure
- The parties have a continuing business or personal relationship
- Communication problems are interfering with a resolution
- There is an emotional element involved
- The parties are interested in an injunction, consent decree, or other form of equitable relief

**Neutral evaluation**, sometimes called "Early Neutral Evaluation" or "ENE", is an informal process in which the evaluator, an experienced neutral lawyer, hears a compact presentation of both sides of the case, gives a non-binding assessment of the strengths and weaknesses on each side, and predicts the likely outcome. The evaluator can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
- The parties are far apart in their view of the law or value of the case
- The case involves a technical issue in which the evaluator has expertise
- Case planning assistance would be helpful and would save legal fees and costs
- The parties are interested in an injunction, consent decree, or other form of equitable relief

*-over-*

**ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET
CIVIL DIVISION**

**Arbitration** is a less formal process than a trial, with no jury. The arbitrator hears the evidence and arguments of the parties and then makes a written decision. The parties can agree to binding or non-binding arbitration. In binding arbitration, the arbitrator's decision is final and completely resolves the case, without the opportunity for appeal. In non-binding arbitration, the arbitrator's decision could resolve the case, without the opportunity for appeal, unless a party timely rejects the arbitrator's decision within 30 days and requests a trial. Private arbitrators are allowed to charge for their time.

Arbitration may be appropriate when:
- The action is for personal injury, property damage, or breach of contract
- Only monetary damages are sought
- Witness testimony, under oath, needs to be evaluated
- An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

**Civil Judge ADR** allows parties to have a mediation or settlement conference with an experienced judge of the Superior Court. Mediation is an informal, confidential, flexible and non-binding process in which the judge helps the parties to understand the interests of everyone involved, and their practical and legal choices. A settlement conference is an informal process in which the judge meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations. The request for mediation or settlement conference may be made promptly by stipulation (agreement) upon the filing of the Civil complaint and the answer. There is no charge for this service.

Civil Judge ADR may be appropriate when:
- The parties have complex facts to review
- The case involves multiple parties and problems
- The courthouse surroundings would he helpful to the settlement process

**Special masters and referees** are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.
Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

**Settlement conferences** are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.
Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

*What kind of disputes can be resolved by ADR?*
Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; collections; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; fraud; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; sports; trade secret; and wrongful death, among other matters.

*Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, information about ADR procedures, or answers to other questions about ADR?*

*Contact:*
Santa Clara County Superior Court                    Santa Clara County DRPA Coordinator
ADR Administrator                                    408-792-2784
408-882-2530

MAY 2 7 2020

# EXHIBIT B

1   CARY G. PALMER (SBN 186601)
    ERIKA BARBARA PICKLES (SBN 215702)
2   JACKSON LEWIS P.C.
    400 Capitol Mall, Suite 1600
3   Sacramento, CA 95814
    Telephone: (916) 341-0404
4   Facsimile: (916) 341-0141
    E-mail: *cary.palmer@jacksonlewis.com*
5   E-mail: *erika.pickles@jacksonlewis.com*

6   MICHAEL C. CHRISTMAN (SBN 319758)
    MACY'S LAW DEPARTMENT
7   11477 Olde Cabin Road, Suite 400
    St. Louis, MO 63141
8   Telephone: (314) 342-6334
    Facsimile: (314) 342-6366
9   E-mail: *michael.christman@macys.com*

10  Attorneys for Defendant
    MACY'S WEST STORES, LLC
11  (f/k/a Macy's West Stores, Inc.)

12                  SUPERIOR COURT OF CALIFORNIA

13                     COUNTY OF SANTA CLARA

14

15  KARLA VAZQUEZ, individually and          Case No. 20CV365246
    on behalf of all others similarly situated,
16                                            ASSIGNED FOR ALL PURPOSES TO:
                  Plaintiff,                  HON. PATRICIA M. LUCAS
17                                            DEPARTMENT 3
         vs.
18                                            CLASS ACTION
    MACY'S WEST STORES, INC.,
19  a corporation; and DOES 1 through 20,    **DEFENDANT MACY'S WEST STORES,**
    inclusive,                               **LLC'S ANSWER TO PLAINTIFF'S**
20                                           **CLASS ACTION COMPLAINT**
                  Defendants.
21
                                             Complaint Filed:   March 18, 2020
22                                           Trial Date:        None Set

23          In answer to Plaintiff Karla Vazquez's ("Plaintiff") Class Action Complaint ("Complaint"),

24  Defendant Macy's West Stores, LLC f/k/a Macy's West Stores, Inc. ("Defendant"), subject to and

25  without waiving its right to compel arbitration, denies and alleges as follows:

26                              **GENERAL DENIAL**

27          Pursuant to Code of Civil Procedure section 431.30, Defendant generally denies (i) the

28  allegations in Plaintiff's Complaint, (ii) that Plaintiff and/or the alleged putative class members have

                                             1

been damaged/injured/harmed in any way whatsoever, (iii) that Plaintiff and/or the alleged putative class members are entitled to any legal, injunctive, equitable, or other relief in any amount or manner whatsoever from Defendant, and (iv) that Plaintiff and/or the alleged putative class members sustained injury, damage, detriment, harm, or loss by reason of any conduct, action, error, or omission on the part of Defendant or any agent, employee, or other person acting under Defendant's authority or control. This denial of the Complaint is filed without prejudice to Defendant's right to file amended answers, including additional defenses, and is filed without prejudice to or waiver of Defendant's right to compel arbitration of Plaintiff's claims on an individual basis.

## DEFENSES

For further answer and separate defenses to Plaintiff's Complaint and the causes of action alleged therein, and without assuming any burden of proof it otherwise would not have, Defendant alleges as follows:

### FIRST DEFENSE

**(Action Subject to Individual Arbitration)**

Plaintiff's Complaint, claims, and relief requested therein, and this action, are subject to binding individual arbitration, pursuant to Plaintiff's agreement to arbitrate on an individual basis all disputes arising from or related to her employment with Defendant.

### SECOND DEFENSE

**(Failure to State a Claim)**

Plaintiff's Complaint fails to state claims against Defendant for which relief can be granted.

### THIRD DEFENSE

**(Standing)**

Plaintiff's Complaint and each cause of action alleged therein are barred, in whole or in part, to the extent Plaintiff lacks standing to assert the Complaint or any causes of action alleged therein on her own behalf or on behalf of those she seeks to represent.

/ / /

/ / /

/ / /

1

**FOURTH DEFENSE**

2

**(Statute of Limitations)**

3    Plaintiff's Complaint and each cause of action alleged therein are barred, in whole or in part,

4    to the extent they seek relief outside the applicable statutes of limitations.

5

**FIFTH DEFENSE**

6

**(Settlement and Release)**

7    Claimant is barred from recovering on behalf of putative class members who have voluntarily

8    settled and/or released all or portions of the claims set forth in the Complaint.

9

**SIXTH DEFENSE**

10

**(Waiver)**

11    Plaintiff's Complaint, claims, and relief requested may be barred, in whole or in part, by the

12    doctrine of waiver.

13

**SEVENTH DEFENSE**

14

**(Estoppel)**

15    Plaintiff's Complaint, claims, and relief requested may be barre, in whole or in part, by

16    estoppel.

17

**EIGHTH DEFENSE**

18

**(Performance of Duties and Obligations)**

19    Defendant alleges, without admitting to the existence of any duties or obligations as alleged in

20    the Complaint, that any duty or obligation that Plaintiff claims is owed by Defendant, has been fully

21    performed, satisfied, or discharged.

22

**NINTH DEFENSE**

23

**(Plaintiff's Own Conduct and/or Fault of Others)**

24    Plaintiff's Complaint, claims, and relief requested are barred, in whole or in part, because if

25    Plaintiff and/or any putative class members sustained any damage, harm, and/or detriment as alleged

26    in the Complaint, such damage, harm, and/or detriment was caused by their own conduct and/or the

27    fault of others for whose conduct Defendant is not liable.

28    / / /

DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

1  **TENTH DEFENSE**

2  **(Other Employees Agreed to Individual Arbitration)**

3  Plaintiff cannot recover on behalf of other employees to the extent the other employees agreed

4  to arbitration of employment-related disputes with Defendant on an individual basis.

5  **ELEVENTH DEFENSE**

6  **(No Equitable / Injunctive Relief)**

7  Plaintiff is not entitled to any equitable/injunctive relief because she has an adequate remedy

8  at law and/or because she is a former employee of Defendant.

9  **TWELFTH DEFENSE**

10  **(No Duplicate Recovery)**

11  Plaintiff's class claims are duplicative of other class claims pending against Defendant. To the

12  extent any relief is provided or awarded in the other action(s) with respect to the duplicative claims,

13  Plaintiff is barred, in whole or in part, from recovering in this action pursuant to the doctrines of res

14  judicata, collateral estoppel, settlement, and/or release, and/or pursuant to other law

15  (if applicable).

16  **THIRTEENTH DEFENSE**

17  **(Abatement/Stay)**

18  Plaintiff's class claims should be abated or otherwise stayed because the claims are duplicative

19  of other class claims that are pending against Defendant.

20  **RESERVATION OF RIGHTS**

21  Because Plaintiff's Complaint is couched in conclusory terms, Defendant cannot fully

22  anticipate all defenses that may be applicable to this action. Accordingly, Defendant's right to assert

23  additional defenses, if and to the extent such defenses are applicable, is hereby reserved.

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

1

## **PRAYER**

2    WHEREFORE, having generally and specifically denied Plaintiff's Complaint and having

3    alleged defenses, Defendant prays:

4        1.    That the class/representative allegations be dismissed/stricken pursuant to the

5            parties' arbitration agreement and this action be referred to binding arbitration

6            on an individual basis and stayed;

7        2.    That Plaintiff take nothing by her Complaint;

8        3.    For judgment in Defendant's favor and dismissal of all of Plaintiff's claims;

9        4.    To recover its costs and attorneys' fees incurred in this action; and

10        5.    For such other and further relief as the Court may deem proper.

11    Dated:  June 25, 2020    Respectfully submitted,

12        JACKSON LEWIS P.C.

13

14        By: */s/ Erika Barbara Pickles*
15        Cary G. Palmer
    Erika Barbara Pickles

16        Attorneys for Defendant
17        MACY'S WEST STORES, LLC

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

## PROOF OF SERVICE

I, Gail Kristine Baum, declare:

I am employed in the County of Sacramento, State of California.  I am over the age of 18 years and not a party to the within action; my business address is Jackson Lewis P.C., 400 Capitol Mall, Suite 1600, Sacramento, California 95814.

On June 25, 2020, I served the within:

### DEFENDANT MACY'S WEST STORES, LLC'S
### ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

on the parties in said action:

| | |
|---|---|
| | by personally delivering a true and correct copy thereof to the persons at the addresses set forth below, in accordance with California Code of Civil Procedure section 1011(a). |
| | by placing a true and correct copy thereof enclosed in a sealed envelope, addressed as set forth below with postage thereon fully prepaid, for deposit in the United States Post Office mail box, at my business address shown above, following Jackson Lewis P.C.'s ordinary business practices for the collection and processing of correspondence for mailing, of which I am readily familiar.  On the same day correspondence is placed for collection and processing for mailing, it is deposited in the ordinary course of business with the United States Postal Service. |
| | by depositing a true and correct copy thereof enclosed in a sealed envelope, addressed as set forth below with delivery fees thereon fully prepaid, in a box or other facility regularly maintained by GSO Overnight Delivery, or by delivering a true and correct copy thereof enclosed in a sealed envelope, addressed as set forth below with delivery fees thereon fully prepaid,  to an authorized courier or driver authorized by GSO Overnight Delivery to receive documents, addressed as set forth below. |
| **X** | by forwarding a true and correct copy thereof electronically, via OneLegal (*eservice@onelegal.com*), to the persons at the e-mail addresses set forth below, pursuant to Local Rule 16.A, General Court Rule 6.B.1, and California Rules of Court, rule 2.251(c). |

| | |
|---|---|
| Kashif Haque<br>Samuel A. Wong<br>Jessica L. Campbell<br>AEGIS LAW FIRM, PC<br>9811 Irvine Center Drive, Suite 100<br>Irvine, CA  92618 | Attorneys for Plaintiff<br><br>Telephone:  (949) 379-6250<br>Facsimile:  (949) 379-6251<br>E-mail: *khaque@aegislawfirm.com*<br>E-mail: *swong@aegislawfirm.com*<br>E-mail: *jcampbell@aegislawfirm.com* |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 25th day of June, 2020 at Sacramento, California.

*/s/ Gail Kristine Baum*
Gail Kristine Baum

1

## **PROOF OF SERVICE**

2

     I, Gail Kristine Baum, declare:

3

     I am employed in the County of Sacramento, State of California.  I am over the age of 18 years and not a party to the within action; my business address is Jackson Lewis P.C., 400 Capitol Mall, Suite 1600, Sacramento, California 95814.

4

5

     On June 26, 2020, I served the within:

6

### **DEFENDANT'S NOTICE OF REMOVAL OF ACTION**

7

on the parties in said action:

8

9

| | by personally delivering a true and correct copy thereof to the persons at the addresses set forth below, in accordance with California Code of Civil Procedure section 1011(a). |
|---|---|
| **X** | by placing a true and correct copy thereof enclosed in a sealed envelope, addressed as set forth below with postage thereon fully prepaid, for deposit in the United States Post Office mail box, at my business address shown above, following Jackson Lewis P.C.'s ordinary business practices for the collection and processing of correspondence for mailing, of which I am readily familiar.  On the same day correspondence is placed for collection and processing for mailing, it is deposited in the ordinary course of business with the United States Postal Service. |
| | by depositing a true and correct copy thereof enclosed in a sealed envelope, addressed as set forth below with delivery fees thereon fully prepaid, in a box or other facility regularly maintained by GSO Overnight Delivery, or by delivering a true and correct copy thereof enclosed in a sealed envelope, addressed as set forth below with delivery fees thereon fully prepaid,  to an authorized courier or driver authorized by GSO Overnight Delivery to receive documents, addressed as set forth below. |

10

11

12

13

14

15

16

17

18

19

20

21

| Kashif Haque<br>Samuel A. Wong<br>Jessica L. Campbell<br>AEGIS LAW FIRM, PC<br>9811 Irvine Center Drive, Suite 100<br>Irvine, CA  92618 | Attorneys for Plaintiff<br><br>Telephone:  (949) 379-6250<br>Facsimile:  (949) 379-6251<br>E-mail:  khaque@aegislawfirm.com<br>E-mail:  swong@aegislawfirm.com<br>E-mail:  jcampbell@aegislawfirm.com |
|---|---|

22

     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

23

24

     Executed this __26th__ day of June, 2020 at Sacramento, California.

25

26

                      */s/ Gail Kristine Baum*
                       Gail Kristine Baum

27

28